562 A.2d 1031

**Lorraine EDDICKS and Joan Emery, Lead Token Claimants, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Aug. 18, 1989.

Reargument Denied Oct. 25, 1989.

164

Michael Brodie, Sacks, Basch, Brodie & Sacks, Philadelphia, for petitioners.

Clifford F. Blaze, Depty. Chief Counsel, Wade A. Fluck, Asst. Counsel, Maribeth Wilt–Seibert, Harrisburg, for School Dist. of Philadelphia.

Vincent J. Salandria Asst. Gen. Counsel, Sally Akan Gen. Counsel, Philadelphia, for intervenor, School District of Philadelphia.

Before CRUMLISH, Jr., President Judge, McGINLEY, Judge, and NARICK, Senior Judge.

CRUMLISH, Jr., President Judge.

Lorraine Eddicks, test claimant for members of the Philadelphia Public School Nurses' Association, Local 3383, appeals an Unemployment Compensation Board of Review order denying benefits pursuant to Section 401(c) of the Unemployment Compensation Law [1] based on her untimely

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(c).

application.[2]

The Local 3383 members presently before the Court are Philadelphia School District employees who participated in the 1981 work stoppage. In *Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987), our Supreme Court reviewed claims by school district employees involved in the same work stoppage and held that the work stoppage constituted a "lockout," thereby entitling *the claimants in that proceeding* to unemployment compensation. Footnote No. 1 defined the claimants therein as follows:

> [T]he named appellees herein ... represent approximately 20,000 similarly-situated employees, *members of the Philadelphia Federation of Teachers (PFT)*. On October 2, 1981, the PFT, the Philadelphia School District and the Office of Unemployment Security entered a test claim agreement providing that the decision on [appellees'] claims would be dispositive of similar claims by other School District employees.

514 Pa. at 380 n. 1, 525 A.2d at 359 n. 1 (emphasis added).

Local 3383 members are not members of the PFT and did not join the *Odgers* test claim agreement. Nor did they make a separate claim for benefits until filing the instant application over five months after our Supreme Court's final disposition in *Odgers*. Notwithstanding this, the Local 3383 members contend that by virtue of the above language in *Odgers*, they are entitled to benefits because they are "similarly situated" to the claimants in that proceeding. We disagree.

*Odgers* may be controlling as to the substantive legal issues concerning Local 3383 members' entitlement to benefits; however, it did not purport to supersede, or permit claimants to circumvent, the procedural requirements for making a valid application. In denying benefits here, the Board simply followed its own regulations governing proper

---

**2.** Section 401(c) requires that claims be made in the manner and form prescribed by the department's regulations, which require filing no later than one week following the claim date, 34 Pa.Code § 65.32.

application procedures. *See* 34 Pa.Code §§ 65.31–65.44. Since the Board committed no legal error or abuse of discretion, we affirm.[3]

## ORDER

The decision of the Unemployment Compensation Board of Review, No. B–269037 dated September 30, 1988, is affirmed.

---

**3.** We note that the Board's regulations provide for predating applications of "similarly-situated employees" where there is a pending determination of eligibility of other employees also involved in a work stoppage. 34 Pa.Code § 65.33(c). However, such predating is allowed if the claim is filed within six weeks after the determination has become final. As previously stated, the Local 3383 members filed their claims over five months after the Supreme Court's final determination in *Odgers*.